## AMOUNT RECOVERABLE FOR GOODS DAMAGED IN TRANSIT.

Municipal Court of Dayton.

Paul H. Blum vs The C., C., C. & St. L. Railway Co.

Decided, August 2, 1924.

*Carriers—Recovery under the Second Cummins Amendment—Limited to Actual Loss Suffered by Reason of Damage to Shipment.*

A shipper suing for damages to goods while in transit is entitled, under the second Cummins amendment, to recover the full actual damage suffered, so long as this amount does not exceed the maximum released value of the shipment.

*Philip H. Worman,* for plaintiff.
*Nevin & Kalbfus,* for defendant.

Wiseman, J.

This cause came on to be heard on a general demurrer, filed by the plaintiff to the defendant's second defense in the defendant's answer.

The goods were shipped by the plaintiff on a bill of lading, which constitutes a contract between the shipper and the carrier, under what is called the Second Cummins Amendment to the Interstate Commerce Act. If the court knows the history of the law with reference to the liability of common car-

riers, this was the situation. Before the Carmack Amendment, common-law liability or full recoverage was had for loss or damage to goods in transit. Under the Carmack Amendment a carrier was permitted to limit his liability. In 1915 the First Cummins Amendment was passed, which took away the right of the carrier to limit his liability and restored to the shipper the right to recover full value for loss or damage.

On August 9, 1916, Congress passed the Second Cummins Amendment, which permits the carrier to limit his liability in certain cases. It is conceded that in this case the carrier was permitted, under the law, to limit his liability and the shipper had the privilege to stipulate for a lower rate and was privileged to release his goods at a certain value. The plaintiff in this case shipped seven thousand pounds of household goods, of the value of three thousand dollars, and released the same at a valuation of ten cents per pound on the weight of the shipment, making a total released value of $700; during transit the goods were damaged to the extent of $400, for which amount the plaintiff asks judgment.

The court is of the opinion that the second defense is demurrable beyond any question, as being an incomplete defense either in fact or in law, but since counsel for both plaintiff and the defendant have submitted elaborate briefs, the court feels it is its duty to delve into the law in this case and render a decision giving counsel the benefit of the court's reasoning on the proposition of law which is involved.

The question for the court to determine is whether or not, under the law, the amount of recovery is based upon the actual value of the goods lost, limited by the maximum released value of the shipment, or whether the amount of recovery is based upon the weight of that part of the shipment which was lost, as it bears to the total weight of the shipment.

In the Second Cummins Amendment, which provides that the shipper has the right to declare in writing the value of the goods shipped and to agree with the carrier in writing as to the released value of the property, we find this clause:

"In which case such declaration or agreement shall have no other effect than to limit liability and recovery to amount not exceeding the value so declared or released."

The court notes that practically all of the cases cited by counsel were decided before the passage of the Second Cummins Amendment. The court is of the opinion that it was the intention of Congress to permit the carrier to limit its liability by placing a maximum upon the amount of recovery in case of loss, but not to limit its liability in case of partial loss. Before the Second Cummins Amendment carriers were liable for the actual damage and full recovery could be had. No limitation, no restriction was provided for.

It seems to the court that Congress sensed an injustice and permitted the carrier to protect itself partially, and also the shipper to protect himself partially by the passage of the Second Cummins Amendment. In other words, the common law liability applies and full recovery can be had for any damage to goods in transit up to the maximum released value of the shipment.

By taking advantage of lower rates, the shipper in case of total loss, is precluded from recovering the full value of his goods, but is limited to the maximum released value. The carrier in that case is protected. Likewise, the shipper is protected, inasmuch as in case of partial loss or in case the value of the goods, which had been lost, is less than the maximum released value, he is protected to the full extent of his loss. The court is unable to put any other construction upon the words which are used in this amendment. The court is unable to tell just what Congress meant unless it did mean to give it this construction.

Usually in construing statutes, state or federal, the courts will resort to the proceedings of the state Legislature or to Congress to ascertain its intention. It is stated in the 43d Interstate Commerce Reports, 513, also in the 63d Interstate Commerce Reports, 241, that the intention of Congress, in enacting the Second Cummins Amendment, as stated in the report of the Senate Committee, was:

"To restore the law of full liability as it existed prior to the Carmack Amendment of 1906, so that when property is lost or damaged in the course of transportation under such circumstances as to make the carrier liable, recovery is had for full value or on the basis of full value."

The court also wishes to cite counsel to the case of *Crutchfield and Woolfolk* v. *Hines,* decided by the Supreme Court of Massachusetts, May 31, 1921, reported in 131 N. E. Reporter, 340. The facts in that case are not on all four's with the facts in the case at bar, but the court discusses various amendments to the Interstate Commerce Act. On page 342 the court say:

"Under the Second Cummins Amendment, *supra,* in the condition therein stated, the stipulation as to value is legal, but the right of a shipper to recover the full actual loss is limited by the provision that the 'declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared and released.' Evidently the effect of the Second Amendment is to limit the maximum of recovery to the value stated in the bill of lading and does not affect cases where the loss is less than the value stated in the bill of lading."

Counsel for defendant has cited the case of *American Railway Express* v. *Lindenburg,* 260 U. S., 584, decided by the Supreme Court of the United States in 1923, which was a case wherein the shipper shipped two trunks, one weighing two hundred pounds, and the other one hundred pounds, and a package weighing ten pounds, which shipment was released at fifty dollars per cwt., and fifty cents per pound for each pound over one hundred pounds. On arrival at destination, one trunk was found to be damaged. The shipper sued for fifteen hundred dollars damages. The defendant admitted liability to the extent of $110. The lower court rendered judgment for $916.15. The upper court reversed the lower court, and held that the released clause in the bill of lading was binding. The court read the opinion in this case, and found that the shipper did not stipulate for a lower rate, but that a clause in the bill of lading, such as is contained

in all bills of lading, automatically became the contract between the parties in the event the shipper did not stipulate for a certain released value. It must be remembered that the plaintiff in that case was seeking to recover a greater amount than the limitation in the bill of lading. The court held that the limitation clause in the bill of lading was binding, and the plaintiff could not recover a greater sum.

This case, the court feels, is not authority for the contention made by counsel for the defense, but rather is authority for the contention made by counsel for plaintiff. Certainly, the court would not permit the shipper to recover more than the maximum amount stated in the bill of lading. The plaintiff in this case is not contending for that, but is contending that the shipper is entitled to recover the full value up to the maximum amount. Counsel for the defendant reasons that inasmuch as the defendant in the Lindenburg case admitted liability up to $110, and by making a mathematical calculation the full maximum value would have been $155, that therefore the court would not permit the shipper to recover for full loss or damage to the goods. This court is unable to follow the reasoning of counsel for the defense. There are no facts in the opinion to make this deduction. The only reasonable conclusion that the court can make from the opinion and from the facts, and in view of the liability which is admitted by the carrier in that case, to-wit, $110, is that the actual damage to the goods amounted to $110. This conclusion is reasonable, the court believes, in view of the fact that only one of the trunks was damaged, and therefore the actual damage no doubt would not amount to the maximum released value of the goods.

This court is disposed to follow the reasoning of the court in the case of *Carleton* v. *Union Transfer*, 121 N. Y. S., 997 (1910). This case, of course, was decided before the Second Cummins Amendment, but the reasoning of the court appeals to this court. This was a case wherein household goods were shipped under a bill of lading, which contained a clause:

"Valuation restricted to $5.00 per hundred pounds."

The gross weight was 12,000 pounds. The court, in construing the terms of the bill of lading, on page 999 say:

. "A reasonable construction of the contract is, therefore, that the shipper accepted for the plaintiff a low freight rate, and in consideration therefor agreed upon this valuation as a means of arriving at a gross valuation. It is to be borne in mind that the bill of lading was prepared by the railroad company, that it tends to limit its common-law liability, and therefore it is to be strictly construed against it."

The court, further on in its opinion, in discussing the restrictive clause in the bill of lading, states that the words "valuation restricted to $5 per hundred pounds," as set out in the bill of lading, should be construed as meaning "valuation restricted to $600." In other words, the valuation per pound or per cwt. is only a matter of convenience for the shipper and the carrier and is used for the purpose of expediting business. It relieves the shipper and the carrier of the necessity of being exact in their weight of the goods shipped, and also exact in dollars and cents of the maximum amount of released value of the shipment. By placing the released value on the basis of so much per pound or cwt. is only a matter of mathematical calculation to arrive at the total released value of the whole shipment. In other words, the shipment is taken as the unit and not divided up into so many cwt. or pounds.

Therefore, in the case at bar, the fact that the released value was stated at ten cents per pound and the weight of the shipment 7,000 pounds, the court is of the opinion what was meant was that the released value should be restricted to $700 and that no one pound or part of a shipment should be restricted to ten cents per pound. In other words, the shipper should be permitted to show the actual value of the goods damaged, and should be permitted to recover, if the proper showing is made, the full actual value of the goods damaged so long as this damage in amount does not exceed the maximum released value of the shipment.               :

The court accordingly sustains the demurrer to the second defense of the defendant's answer.